IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2209-FL

| | |
|---|---|
| JIMMY WAYLON WARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| SUPERINTENDENT GARY JONES, | ) |
| | ) |
| Respondent. | ) |

This matter comes before the court on petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE # 7). The issues raised in that motion are ripe for adjudication. For the following reasons, the court grants respondent's motion and denies the petition. The court also denies petitioner a certificate of appealability.

## STATEMENT OF CASE

On January 14, 2008, petitioner was convicted in New Hanover County Superior Court of six counts of trafficking in opium, intentionally maintaining a dwelling for keeping or selling controlled substances, possession of cocaine, intentionally maintaining a vehicle for the keeping or selling of controlled substances, possession of Ritalin with the intent to sell or deliver, possession of Xanax with the intent to sell or deliver, possession of Valium with the intent to sell or deliver, and possession of drug paraphernalia. Petitioner was sentenced to a consolidated term of ninety (90) to one hundred seventeen (117) months imprisonment.

Petitioner filed a notice of appeal following his conviction. On August 18, 2009, the court of appeals found no error on one of petitioner's six convictions for trafficking in opium and on his conviction for possession of cocaine, but ordered a new trial on the remainder of his convictions. See State v. Ward, 199 N.C. App. 1, 681 S.E.2d 354 (2009). The North Carolina Supreme Court granted discretionary review and, on June 17, 2010, affirmed the court of appeals' ruling. See State v. Ward, 364 N.C. 133, 694 S.E.2d 738 (2010).

On September 16, 2010, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that his convictions for trafficking in opium and possession of cocaine were not supported by sufficient evidence, and that these convictions were obtained through an illegal search and seizure. Petitioner also alleges that the trial court erred by admitting evidence of prior bad acts. On January 5, 2011, respondent filed a motion for summary judgment, arguing that petitioner's claims are without merit, which was fully briefed.

## STATEMENT OF FACTS

The facts pertinent to this matter, as set forth by the North Carolina Court of Appeals, are summarized as follows:

> On 22 August 2006, Mandy Pope (Pope) visited the New Hanover County Sheriff's Office for the purpose of discussing [petitioner's] drug-related activities with law enforcement officers. Pope had known [petitioner] for approximately two and one-half years, and had purchased prescription pain medications for her own use and that of her mother from him on a regular basis.
>
> At the request of Officer Chris Robinson (Officer Robinson), Pope telephoned [petitioner] and arranged to meet him for the purpose of buying pain medications. Pope was provided with a recording device, which she carried in her purse, and $300, part of which was to be used in her transaction with [petitioner].
>
> Officer Nancy Willaford (Officer Willaford) accompanied Pope to Carolina Beach Exxon in a minivan. [Petitioner] met them there in a black Monte Carlo. Pope got

2

out of the minivan and entered the car driven by [petitioner], while Officer Willaford stayed in the minivan.

Following a short conversation with Pope, [petitioner] exited the Monte Carlo and opened the trunk. Upon returning to the passenger compartment, [he] sold thirty blue, oval-shaped pills to Pope for $180. Pope testified that the pills she purchased from [petitioner] were Lorcets. Before leaving, Pope agreed to meet petitioner for sex in an hour.

After [petitioner] drove away, Pope and Officer Willaford returned to the New Hanover County Sheriff's Office. The thirty blue, oval-shaped pills that Pope received from [petitioner] were turned over to the officers. At that point, Officer Robinson procured a warrant for [petitioner's] arrest. A search warrant for [petitioner's] home, which was located at 6514 Myrtle Grove Road, was issued on the following day.

As investigating officers undertook surveillance of [petitioner's] home, Officer Robinson identified [him] as the driver of a vehicle outside the residence and conducted an investigatory stop of that vehicle. The officers discovered three pill bottles and a small amount of cash on [his] person at that time. One pill bottle bore [petitioner's] name, and another bore the name of Manuel Ward.

According to [petitioner], the car was owed by Manuel Ward, his cousin from California. [He] denied knowing what was in the trunk, stated that the trunk was broken, and claimed that he did not have access to it. A search of the trunk resulted in the seizure of several bottles containing various substances and cash. In addition, another prescription bottle and additional cash were discovered below the carpeting in the trunk.

A subsequent search of [petitioner's] home revealed the presence of prescription bottles bearing several different names, some of which contained pills and others which did not; a white, rock-like substance, which was later identified as cocaine; digital scales with a chalky residue; fictitious identification cards; and firearms. A prescription bottle bearing the name of Manuel Ward that contained ninety-three pills was seized from a large storage shed outside [petitioner's] home.

At trial, Special Agent Irvin Lee Allcox (Special Agent Allcox), a chemist employed by the State Bureau of Investigation, testified as an expert in the field of the chemical analysis of drugs and forensic chemistry. Special Agent Allcox testified that he performed a chemical analysis or visual examination of the evidence seized from [petitioner], [his] car, [his] home, and the storage shed outside [his] home. According to Special Agent Allcox, these substances included Cocaine, Dihydro code inone (an opium derivative), Hydrocodone (an opium derivative), Oxycodone

3

(an opium derivative), Amphetamine (Adderall), Alprazolam (Xanax), Diazepam (Valium), Carisoprodol (Soma) and Methylphenidate (Ritalin). Special Agent Allcox identified certain of the seized substances [*i.e.*, three grams of Cocaine; one-hundred and twenty-five tablets of Dihydro code inone; eighty-five tablets of Hydrocodone; and thirteen tablets of Amphetamine] based upon a chemical analysis. However, Special Agent Allcox identified certain other substances [*i.e.*, thirty Hydrocodone tablets; three tablets and tablet fragments of Amphetamine; an undisclosed number of Carisoprodol tablets; eighty-three and one-half tablets of Alprazolam; fourteen tablets of Diazepam; fifteen and one-half tablets of Methylphenidate; more than 23 tablets of Oxycodone; another five and one-half tablets of Methylphenidate; and an additional undisclosed amount of Carisoprodol] on the basis of a visual examination of the size, shape, color of and markings on the tablets in question.

Ward, 199 N.C. App. at 4-6, 681 S.E.2d at 358-59 (internal footnotes omitted).

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its

merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1), (2). A state court decision is contrary to Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. See Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." See id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. See id.

> The applicable statute
>
> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

B.  Analysis

   1.  Insufficient Evidence

In his first claim, petitioner argues that there was insufficient evidence to convict him of trafficking in opium and possession of cocaine. Before the court examines the merits of petitioner's claim, it must ensure that petitioner fairly presented it to the North Carolina state courts. State prisoners are required "to present the state courts with the same claim he urges upon the federal courts." Picard v. Connor, 404 U.S. 270, 276 (1971); see 28 U.S.C. § 2254(b)(1)(A). A federal petitioner has not exhausted state court review so long as he maintains "the right under the law of the State to raise [in state court] by any available procedure, the question presented." 28 U.S.C. § 2254(c). This exhaustion requirement compels a habeas petitioner to "invok[e] one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

A claim that has not been adequately presented to the state courts may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner now attempted to present it. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). A claim treated as exhausted and consequently procedurally defaulted because it would now be procedurally barred in state court can overcome the default if the petitioner can demonstrate cause and actual prejudice and/or a miscarriage of justice. Baker, 220 F.3d at 288 (citing Gray v. Netherland, 518 U.S. 152, 162 (1996)). To show cause, a petitioner must show something external prevented him from complying with the state procedural rule. Coleman v. Thompson, 501 U.S. 722, 753 (1991). To show prejudice, a petitioner must show he was

"actually prejudiced" as a result of the alleged violation of federal law. United States v. Frady, 456 U.S. 152, 168 (1982).

In this case, petitioner failed to raise his claim on direct appellate review. Because of this omission, he has not adequately presented his claims to the state courts. If petitioner now filed a MAR in the superior court, the claim would be barred by the state court under North Carolina's procedural bar statute, N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3), (b). See Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001) (holding N.C. Gen. Stat. § 15A-1419 is mandatory); McCarver v. Lee, 221 F.3d 583, 588-589 (4th Cir. 2000) (holding § 15A-1419(a)(3) is an independent and adequate state procedural bar that is consistently and regularly applied even in "the special case" of ineffective assistance of counsel claims); Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998) (holding § 15A-1419(a)(3) to be an independent and adequate state procedural bar, precluding federal habeas review). Petitioner has not demonstrated cause or prejudice to overcome the procedural bar. Thus, petitioner's sufficiency of the evidence claim is procedurally defaulted, and respondent is entitled to summary judgment for petitioner's first claim.[1]

---

[1] Even if petitioner's claim was not procedurally defaulted, he would not be entitled to relief because his claim is meritless. The standard of review for a claim of insufficient evidence on habeas corpus review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Wright v. West, 505 U.S. 277, 284 (1992); Jackson v. Virginia, 443 U.S. 307, 319 (1979). N.C. Gen. Stat. § 90-95(4) provides: "Any person who . . . possesses four grams or more of opium . . . shall be guilty of a felony which [] shall be known as 'trafficking in opium . . . .' " Additionally, N.C. Gen. Stat. § 90-95(a)(3) provides that it is unlawful for any person "to possess a controlled substance." Cocaine is a controlled substance. State v. Biber, __ S.E.2d __, 2011 WL 2410242, *1 (N.C. June 16, 2011).

The evidence in the record shows that petitioner's home was searched on August 23, 2006, and officers discovered a white rock-like substance that later was identified, through chemical analysis, as cocaine. See Ward, 681 S.E.2d at 358. Officers also discovered one-hundred and twenty-five (125) tablets of an opium derivative, identified through chemical analysis, on petitioner's person, in his bedroom, in a shed outside of his residence, or in the trunk of his car. Id. at 359, n.8. The court finds that, viewing the evidence presented at trial in the light most favorable to the State, there was substantial evidence presented to conclude that petitioner was guilty of trafficking in opium and possession of cocaine.

2. Fourth Amendment Search and Seizure

In his second claim, petitioner argues evidence obtained in violation of the Fourth Amendment to the United States Constitution was introduced at his trial. Because petitioner raised this claim on direct appal to the North Carolina Court of Appeals, the same concerns behind the court's review of petitioner's insufficient evidence claim do not obtain. The court of appeals adjudicated this claim and found it to be without merit. Specifically, the court of appeals noted that petitioner previously unsuccessfully challenged the search in State v. Ward, 195 N.C. App. 786, 673 S.E.2d 883 (2009), before again rejecting petitioner's challenge based upon the same reasons given with respect to the earlier challenge. See Ward, 199 N.C. App. at 8 n.10, 681 S.E.2d at 360 n.10.

Generally, a prisoner may not collaterally attack a state conviction on the grounds that illegal evidence was admitted at trial where the state "has provided an opportunity for full and fair litigation of a Fourth Amendment claim." Stone v. Powell, 428 U.S. 465, 494 (1976); see also Grimsely v. Dodson, 696 F.2d 303, 304 (4th Cir. 1982). Here, petitioner was provided a full and fair opportunity to raise and litigate his Fourth Amendment claim on direct appeal to the North Carolina Court of Appeals and on discretionary review to the North Carolina Supreme Court. Petitioner does not dispute that such opportunity was provided to him. Accordingly, respondent's motion for summary judgment is GRANTED for this claim.

3. Prior Bad Acts Evidence

In his third and final claim, petitioner asserts that the trial court erred when it admitted prior instances of bad acts in violation of North Carolina Rule of Evidence 404(b). Petitioner raised this issue on appeal. The Court of Appeals adjudicated the claim and rejected it as it pertained to his convictions for opium trafficking and cocaine possession. Petitioner, however, did not raise this

8

claim on discretionary review before the North Carolina Supreme Court. Rather, the sole issue raised by the State on discretionary review in the North Carolina Supreme Court was "whether the trial court abused its discretion by permitting the State's expert witness to identify certain pills when the expert's methodology consisted solely of a visual inspection process." See Ward, 364 N.C. at 134, 694 S.E.2d at 739.

Under North Carolina's appellate process, direct appellate review includes the opportunity to petition the North Carolina Supreme Court for discretionary review. In particular, a criminal defendant that is unsuccessful in the court of appeals has fifteen (15) days after the mandate issues to file an appeal or petition for discretionary review with the North Carolina Supreme Court. See N.C.R. App. 13. A claim that a criminal defendant fails to raise on direct review is procedurally defaulted. See N.C. Gen. Stat. § 15A-1419; O'Sullivan, 526 U.S. at 848 (holding claims not raised in a petition for discretionary review to a state supreme court from an intermediate state appellate court on direct review are unexhausted and therefore are procedurally barred from federal habeas review). The procedural default rule of § 15A-1419 is an adequate and independent state ground precluding habeas review. See, e.g., Williams, 146 F.3d at 209. Because petitioner failed to preserve this issue under North Carolina law, it is procedurally barred. See, e.g., Woodford v. Ngo, 548 U.S. 81, 92 (2006); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011). Additionally, petitioner has not shown cause or prejudice for his failure to preserve this issue. Thus, this claim is procedurally defaulted.

9

C. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d at 684 (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims

debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 7) is GRANTED and the petition for writ of habeas corpus (DE # 1) is DENIED. The Certificate of Appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 17th day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

11